IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CURT SIMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>CHS, INC., d/b/a CENEX ZIP TRIP,<br><br>Defendant. | CV 19–197–M–DLC–KLD<br><br><br>ORDER |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendation. (Doc. 46.) Judge DeSoto recommends that Defendant CHS's motion to dismiss be granted and Simpson's motion for summary judgment be denied as moot. (*Id.* at 1.) Simpson timely objects and so is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). For the reasons explained, the Court declines to adopt the Findings and Recommendation and denies Simpson's motion for summary judgment.

1

## BACKGROUND

Plaintiff Curt Simpson requires a wheelchair after the amputation of his right leg. (Doc. 1 at 2.) On November 7, 2019, he visited CHS's convenience store and claims he encountered numerous barriers which prevented his "full and equal enjoyment" of the facility ("the Premises") in violation of the Americans with Disabilities Act ("ADA"). (*Id.* at 2–3.) Simpson filed his Complaint on December 6, 2019, alleging that CHS's facility contained (at least) 19 violations of the ADA. (*Id.* at 7–12.) Simpson also alleged that a full inspection was necessary to identify other violations. (*Id.* at 12.)

During discovery, CHS admitted 8 of the 19 alleged violations, 4 pertaining to the interior and 4 pertaining to the exterior. (Doc. 26-3 at 3–5.) Simpson subsequently filed a motion for summary judgment asserting no disputed facts as to the eight admitted violations and that he was entitled to judgment as a matter of law. (Doc. 26; 26-1 at 5.) Before responding on the merits, CHS asked the Court to defer ruling on Simpson's motion to allow it to conduct more discovery, to which the Magistrate agreed. (Docs. 27; 36.)

In September of 2020, CHS supplemented its discovery responses to deny the eight previously admitted ADA violations. (Doc. 41-2 at 2.) CHS provided an affidavit from Steve Haase, its general manager, who claimed that on "August 7, 2020, CHS closed the Premises to any customers for an extensive remodel and

2

...

renovation of both the interior and exterior of the Premises." (*Id.*) Haase explained that the non-compliant features no longer exist as the interior had been gutted and that the exterior would soon be compliant. (*Id.*) Haase stated that the business would not reopen to the public until the renovation was complete and the exterior fully complied with the ADA. (*Id.* at 3.) Notably, he never provided the same assurance that the Premises' interior would be fully ADA compliant upon reopening. Haase submitted a second updated affidavit detailing further progress on the parking lot remediations. (Doc. 45-1.)

      CHS then moved to dismiss the Complaint for lack of subject matter jurisdiction, arguing that Simpson's ADA claims were rendered moot by CHS's voluntary remediation efforts, and that Simpson's motion for summary judgment should be denied as moot for the same reason. (Docs. 39; 40.)

      Judge DeSoto agreed with CHS in both regards. She determined that CHS's on-going renovations made it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." (Doc. 46 at 16.) Judge DeSoto recognized that CHS's mootness challenge differed from the typical one in that CHS had not completed its remediation at the time of filing its motion, but she did not believe this fact controlled the outcome. The Judge explained, "it is both unreasonable and highly improbable that CHS, after having been served with notice of Simpson's lawsuit, would hire an architecture firm to draft plans for

remodeling the Premises, submit those plans to the City of Missoula for approval, obtain a building permit, and undertake an extensive months-long demolition and construction process only to recreate the same wheelchair accessibility barriers that prompted Simpson's lawsuit." (*Id.* at 18.) Because she concluded the Court lacked jurisdiction over the case, she recommended the Court dismiss Simpson's motion for summary judgment as moot as well. (*Id.* at 19.)

## LEGAL STANDARD

### I. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The United States Constitution limits the Court's subject matter jurisdiction to justiciable "cases" or "controversies." U.S. Const., Art. III, § 2. A moot case does not present a live case or controversy. *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1172 (9th Cir. 2009).

A challenge to a court's subject matter jurisdiction is properly raised under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack challenges jurisdiction based solely on the allegations raised in the complaint. *Id.* A factual attack, on the other hand, relies "on extrinsic evidence and [does] not assert lack of subject matter jurisdiction

solely on the basis of the pleadings." *Id.* (internal citations and quotation marks omitted). In ruling on a factual attack, the Court "is not confined by the facts contained in the four corners of the complaint—it may consider facts and need *not* assume the truthfulness of the complaint." *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006).

Ordinarily, a plaintiff bears the burden of establishing a court's subject matter jurisdiction. *See, e.g., Meyer*, 373 F.3d at 1039. However, when the defendant moves to dismiss for mootness, the defendant bears the burden of persuasion. *Southern Or. Barter Fair v. Jackson Cty, Or.*, 372 F.3d 1128, 1134 (9th Cir. 2004).

## II. Summary Judgment

Summary judgment is appropriate if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Simpson asserts that the Findings and Recommendation erred in four respects. The Court will only address one. The Court agrees with Simpson that

the heavy burden required to show mootness is not met here.  The Court reviews this legal issue de novo.[1]

### I.    Mootness

In short, CHS asserts that the Court lacks jurisdiction over Simpson's Complaint because "CHS has already obliterated the conditions which Simpson claims violate the ADA" and "when it reopens there is . . . no possibility that a person might encounter any of the alleged non-complying features[]" because CHS's has promised that its renovation will fully comply with the ADA.  (Doc. 40 at 17–19.)

"A defendant's voluntary removal of alleged barriers prior to trial can moot a plaintiff's ADA claim for injunctive relief[.]"  *Johnson v. Montpelier One LLC,* No. 19-CV-06214-EJD, 2020 WL 3504458, *2 (N.D. Cal. June 28, 2020) (citing *Johnson v. Gallup & Whalen Santa Maria*, No. 17-CV-01191-SI, 2018 WL 2183254, at *4 (N.D. Cal. May 11, 2018)).  However, the burden to prove mootness is a tall one.

The general rule is that "a defendant's voluntary cessation of a challenged practice" does not render a case moot because if it did, "courts would be compelled to leave 'the defendant . . . free to return to his old ways.'"  *Friends of the Earth,*

---

[1] CHS contends the Court should conduct part of its review for clear error.  (Doc. 48 at 18.)  The Court disagrees.  To obtain de novo review requires a party to specifically assert a factual or legal basis that underpins their objection.  L.R. 72.3.  Here, Simpson does both.

*Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). An exception to this rule occurs only where "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 190. The party asserting mooting bears a "heavy" or "formidable" burden. *Id.*

In the ADA context, courts have found a case moot for voluntary remediation based on completed work. *Antonio v. Yi*, 694 F. App'x 620, 622 (9th Cir. 2017) (unpublished); *Theodore v. 99 Restaurants, LLC*, No. 18-CV-368-SM, 2019 WL 4861201, at *9 (D.N.H. Oct. 2, 2019). But even these successful mootness challenges are relatively rare, and often occur where the plaintiff concedes the issue. *See, e.g.*, *Phelps v. PS Los Angeles - Pico Blvd., Inc.*, No. 218CV06633ODWMRWX, 2019 WL 6251443, at *3 (C.D. Cal. Nov. 22, 2019) (finding mootness where the plaintiff failed to argue that remediation efforts were unsuccessful); *Kohler v. In-N-Out Burgers*, No. CV 12-5054-GHK JEMX, 2013 WL 5315443, at *7 (C.D. Cal. Sept. 12, 2013) (dismissing ADA claims as moot where the plaintiff conceded the remediation work was complete); *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (the same). CHS's mootness challenge here is different from the typical one in that the remediation work was not complete at the time it filed its motion.[2]

---

[2] Although it appears the work may be complete as of this Order (Doc. 45-1 at 2), the Court has no evidence of this.

7

CHS acknowledges that its mootness claim is "different in that the remediation is not yet complete," but asserts that, in principle, its claim is the same relying on *Sanford v. Capital City Restaurants, Inc.*, 2006 WL 5003842, at *1 (E.D. Cal. Jan. 12, 2006). *Sanford* is distinguishable, however, as the case did not involve a jurisdictional challenge.[3]

There is some precedent for CHS's assertion that a plan for future remediation can moot a plaintiff's ADA complaint. In *Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F. Supp. 2d 1359, 1365 (S.D. Fla. 2006), the district court dismissed the plaintiff's suit against a luxury resort upon finding that the "[d]efendant's plans for ADA compliant renovations" rendered the case moot. *Id.* at 1365. There, the resort had hired expert consultants to ensure their renovations would comply with the ADA and had invested approximately $38 million dollars into the entire endeavor. *Id.* at 1361, 1364. These plans had been approved by the City planning board which specifically conditioned its building permits on ADA compliance for all public lodging facilities. *Id.* at 1364. Although this case was vacated on appeal, the reasons for its vacatur are not clear. *See Access 4 All, Inc. v. Casa Marina Owner, LLC*, 264 F. App'x 795 (11th Cir. 2008).

---

[3] The *Sanford* court addressed the propriety of entering a stay where the defendant public property owner was "in the process of finalizing plans to demolish the building and to rebuild it to provide disability accommodation in accordance with the ADA[.]" *Sanford*, WL 5003842, at *1. Exercising its discretion, the court agreed that a stay was appropriate given the possibility that the remediation efforts might eventually moot the case. *Id.* at *2.

Other courts have been more reluctant to find mootness where construction efforts are still in progress. *See, e.g.*, *Larkin v. Envoy Orlando Holdings LLC*, 116 F. Supp. 3d 1316, 1319 (M.D. Fla. 2015); *Morrell v. Barter Found., Inc.*, No. CIV A 107CV00003, 2007 WL 1412960, at *7 (W.D. Va. May 11, 2007); *Thomas v. West*, No. 14 CV 4459-LTS, 2018 WL 3768525, at *4 (S.D.N.Y. Aug. 8, 2018). Nevertheless, *Access 4 All* makes clear that any mootness challenge—even one based on prospective work—must be support by solid and extensive evidence of ADA compliance.

Simpson faults CHS for failing to support its motion to dismiss with expert testimony, but Judge DeSoto was entirely correct that a successful ADA challenge—and by extension, a successful mootness challenge—does not require expert testimony. *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1046–47 (9th Cir. 2013).

Here though, the Court simply does not have enough information at this time to find Simpson's claims moot. The evidence that CHS submits in support of its motion to dismiss—the Haase affidavits, architecture plans, and City of Missoula building permits, simply do not contain the detailed and specific information upon which this Court can affirmatively conclude that the Premises will be compliant upon reopening. The architecture plans themselves contain no mention of ADA compliance. (Doc. 41-2 at 31–34.) The City of Missoula building permit was

issued on the architecture plans' compliance with state rather than federal law. (*Id.* at 36.) And while Haase's affidavit promises the Premises' exterior will be ADA compliant upon reopening, he offers no equivalent assertion as to its interior. (*Id.* at 3.) Put simply, the Court needs more information before it can dismiss Simpson's Complaint on mootness.[4] CHS's arguments are better resolved on summary judgment.

Although the Court agrees with Judge DeSoto that, as a matter of common sense, it is not reasonable to assume that CHS, knowing full well of Simpson's lawsuit, would go to considerable renovation efforts and ignore the ADA's requirements, the problem here is that CHS carries the burden of persuasion. Based on the record before it, the Court it cannot be "absolutely" certain that future ADA violations cannot reasonably be expected to reoccur. *Friends of the Earth, Inc.*, 528 U.S. at 189.

---

[4] Even the evidence submitted in *Simpson v. Worster Group, LLC*, No. CV 19-198-M-DLC, 2020 WL 4015103 (D. Mont. July 16, 2020), was not sufficient to find mootness. There, the defendant acquired an expert to detail the previously non-compliant features, the defendant's remediation efforts, and testify—with reference to specific measurements and applicable standards—why it was her belief that the facility now met ADA standards. *Id.* at *1. Despite this considerable evidence, the Court concluded that the defendant had not met the high standard necessary to prove mootness, particularly where the sliding countertop located at wheelchair height "appeared to be a temporary fix that could be removed at any future time." *Id.* at *1–2. The Court determined that these claims were better resolved on summary judgment. *Id.*

## II.     Standing

Because Judge DeSoto determined Simpson's claims were moot, she did not address CHS's argument that Simpson lacks standing. The Court will do so now. CHS argues that Simpson does not have standing because he cannot show a likelihood of future injury given CHS's remediation efforts.

To establish an injury-in-fact to seek an injunction, a plaintiff must show that he "intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011). Although it is Simpson who now bears the burden to establish his standing, CHS's arguments against standing fail for the same reason as its mootness challenge. Given the lack of specific evidence regarding the construction plans, the Court does not have sufficient information to conclude that the Premises will be ADA compliant, and thus has no way of knowing whether Simpson will encounter a compliant facility upon his return. Simpson's standing has not been called into doubt—at least not on a motion to dismiss. *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (citation omitted) (explaining that the "proof required to establish standing increases as the suit proceeds[.]"). CHS may renew this argument at summary judgment. Accordingly, the Court has jurisdiction and CHS's motion to dismiss is denied.

Turning now to Simpson's motion for summary judgment, the Court concludes that the evidence submitted by CHS (the Haase affidavit and related documents), though insufficient to establish mootness, is nevertheless sufficient to raise a genuine dispute of material fact as to whether the Premises violate the ADA in reference to the eight previously admitted features. Accordingly, Simpson's motion for summary judgment is denied as is his related motion for default ruling.

IT IS ORDERED that the Findings and Recommendation (Doc. 46) is REJECTED.

IT IS FURTHER ORDERED that Simpson's Motion for Summary Judgment (Doc. 26) is DENIED.

IT IS FURTHER ORDERED that Simpson's Motion for Judgment (Doc. 32) is DENIED.

IT IS FURTHER ORDERED that CHS's Motion to Dismiss (Doc. 39) is DENIED.

IT IS FURTHER ORDERED that the bench trial set for March 8, 2021 is VACATED to be reset by separate order.

DATED this 26th day of February, 2021.

_____

Dana L. Christensen, District Judge
United States District Court