IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CURT SIMPSON,<br><br>Petitioner,<br><br>v.<br><br>CHS, INC., d/b/a CENEX ZIP TRIP,<br><br>Respondents. | CV 19–197–M–DLC–KLD<br><br><br><br>ORDER |

Before this Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendation. (Doc. 78.) Judge DeSoto entered her Findings and Recommendations on January 25, 2022, recommending that Plaintiff Curt Simpson's motion for summary judgment (Doc. 57) should be denied; that Defendant CHS, Inc.'s ("CHS") cross-motion for summary judgment (Doc. 71) should be granted; and that CHS's motion to strike Simpson's expert report (Doc. 69) should be denied as moot.

Simpson filed an objection to the Findings and Recommendation, and thus he is entitled to a de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1). A proper objection must "itemize" each factual finding and recommendation to which objection is made, "identifying the evidence in the record the party relies on to contradict that finding . . . [and] setting forth the authority the party relies on to contradict that recommendation." D. Mont. L.R.

1

72.3(a). The Court reviews for clear error those findings and recommendations to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (internal quotation marks omitted).

## BACKGROUND

Because the parties are familiar with the facts of this case, they will only be included as necessary to explain the Court's order.

In December 2019, Simpson filed this action against CHS alleging that its Cenex Zip Trip convenience store located on Toole Avenue in Missoula, Montana, was in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 ("ADA"). (Doc. 1 at 1.) Simpson is disabled and uses a wheelchair for mobility. (Doc. 66 at 2.) On November 7, 2019, Simpson visited CHS's Cenex store and claims he was denied full and equal enjoyment of the services, goods, privileges, and accommodations offered at the facility. (Doc. 1 at 2.) Simpson alleged in his Complaint that the premises contained 19 barriers that violated the ADA's requirements for places of public accommodation. (*Id.* at 7–12.) Simpson's Complaint requested (1) injunctive relief to remedy the alleged ADA violations, and (2) an award of attorney's fees and costs. (*Id.* at 13-14.)

On August 7, 2020, CHS closed the Cenex location to customers for an extensive remodel and renovation of the premises to bring the facility into ADA compliance. (Doc. 41 at 5.) On May 14, 2021, Simpson's expert witness, Maria Garcia, conducted an inspection of the remodeled premises pursuant to Federal Rule of Civil Procedure 34 and documented her findings in an ADA Accessibility Evaluation Report ("May 2021 Report"). (*See* Doc. 58-3 at 1.) The report contained 120 findings, identifying areas of ADA compliance as well as alleged ADA violations. (*Id.* at 2–121.) However, many of the ADA violations identified in the report were not alleged in the Complaint. (*See generally* Doc. 58-3; *c.f.* Doc. 1 at 7–12.) On August 26, 2021, CHS filed a motion in limine (Doc. 69) to strike the May 2021 Report in whole or in part on the ground that Garcia's opinions were inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), arguing that most of the May 2021 Report is not relevant to the claims actually pled (Doc. 70 at 5), that it contains many inadmissible legal conclusions (*id.* at 6), and that Garcia's opinions are unreliable because, *inter alia*, they were generated by a computer program rather than based on her own expertise (*id.* at 8–9).

CHS and Simpson filed cross-motions for summary judgment. (Docs. 57; 71.) Simpson moved for summary judgment on the ground that the undisputed evidence demonstrated that all three elements of his ADA claim were

3

satisfied. (Doc. 58 at 7.) CHS moved for summary judgment on the ground that the ADA claims alleged in the Complaint are now moot in light of CHS's remediation efforts and that Simpson lacks standing because he cannot show a likelihood of future injury post-remediation. (Doc. 72 at 3.) Accordingly, CHS argued in its motion that Simpson is not entitled to attorney's fees. (*Id.* at 12.)

Judge DeSoto recommended that Simpson's motion for summary judgment be denied and that CHS's motion for summary judgment be granted, finding that the undisputed evidence demonstrates that all 19 barriers alleged in the Complaint have either been remedied or no longer exist after the August 2020 remodel, and thus his ADA claims are moot. Judge DeSoto also observed that Simpson failed to file a statement of disputed facts in response to CMS's motion for summary judgment, as required by Local Rule 56.1. *See* D. Mont. L.R. 56.1 ("Any party opposing a motion for summary judgment must file a Statement of Disputed Facts simultaneously with and separately from the response brief. . . . Failure to file a Statement of Disputed Facts will be deemed an admission that no material facts are in dispute."); *Metcalf v. ONEOK, Inc.*, No. CV 18-11-BLG-SPW-TJC, 2019 WL 2746037, at *3–4 (D. Mont. June 12, 2019).

Judge DeSoto found that the additional barriers identified in the May 2021 Report would not be properly considered on summary judgment. In addition, because Simpson's motion for summary judgment should be denied, and CHS's

motion as to Simpson's ADA claim should be granted, Judge DeSoto found that Simpson was not entitled to attorney's fees and recommended that this component of CHS's motion should also be granted. On January 31, 2022, Simpson filed a notice of objections, raising three objections to Judge DeSoto's Findings and Recommendation:

> OBJECTION 1. THE MAGISTRATE JUDGE'S FINDINGS AS TO IDENTIFIED BARRIERS IN THE COMPLAINT VERSUS LATER DISCOVERED BARRIERS CONFLICT WITH APPLICABLE LEGAL STANDARDS FOR THE 9th CIRCUIT AND AS PLEAD IN THIS CASE.

(Doc. 79 at 4.)

> OBJECTION 2. REMOVING PRIOR NON-COMPLAINT [sic] BARRIERS AND REPLACING THEM WITH NEW NON-COMPLAINT [sic] BARRIERS DOES NOT MOOT THE PLAINTIFF'S CLAIMS.

(*Id.* at 13.)

> OBJECTION 3. PLAINTIFF OBJECTS TO THE COURTS [sic] FINDING OF NOT GRANTING ATTORNEYS FEES AND COSTS TO PLAINTIFF.

(*Id.* at 17.)

## DISCUSSION

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of identifying those portions of the record that it believes

5

demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its initial burden with a properly supported motion, summary judgment is appropriate unless the nonmovant designates in the record the existence of "specific facts showing that there is a genuine issue for trial." *Id.* at 324. When presented with cross-motions for summary judgment on the same matters, the court must "evaluate each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences." *ACLU of Nev. v. City of Las Vegas,* 333 F.3d 1092, 1097 (9th Cir. 2003).

## I.     Simpson's ADA Claims

Title III of the ADA prohibits discrimination against an individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). To prevail on discrimination claims under Title III, a plaintiff must demonstrate that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). However, "[b]ecause private plaintiffs can sue for only injunctive relief under the ADA, a defendant's voluntary removal of

barriers to accessibility prior to trial can moot an ADA claim." *Bax v. Doctors Med. Ctr. of Modesto, Inc.*, 48 F.4th 1008, 1014 (9th Cir. 2022) (citing *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011)).

Here, only the third *Molski* element is at issue. Simpson argues that because the May 2021 Report identified several allegedly non-compliant barriers even after the remodel, the third element of his ADA claim is satisfied. Simpson argues that his Complaint placed CHS on notice that other barriers may exist in addition to those listed in the Complaint; thus, the findings in the May 2021 Report are incorporated into a list of barriers that "constitute the factual underpinnings of a single legal injury" under Title III. (Doc. 79 at 7–8 (quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008).)

In response to Simpson's motion, CHS argues that under Ninth Circuit precedent, an ADA plaintiff may not obtain injunctive relief for barriers that are not identified in the complaint. (Doc. 65 at 9 (citing *Oliver*, 654 F.3d at 909); Doc. 80 at 4–7.) CHS argues that, because the 19 alleged barriers that Simpson encountered in November 2019 have either been remedied or no longer exist—and thus, Simpson's summary judgment motion is based entirely on other alleged conditions first identified in the May 2021 Report—Simpson has failed to establish the third element of his ADA claim. (Doc. 65 at 3.) Further, in its cross-motion for summary judgment, CHS argues that, because the 19 barriers alleged in the

Complaint have either been remedied or no longer exist after the August 2020 remodel, Simpson's ADA claims are moot, and CHS is entitled to summary judgment. (Doc. 72 at 3.)

Despite Simpson's failure to file a statement of disputed facts, which the Court could have deemed an admission that no material facts were in dispute, Judge DeSoto's Findings and Recommendation addressed each of the 19 barriers alleged in the Complaint and concluded that each one had been remedied or no longer existed. Simpson objects to Judge DeSoto's findings regarding (1) the number of accessible parking stalls, and (2) the parking stall width clearance. Because Simpson does not articulate any specific objections to Judge DeSoto's detailed findings regarding the remaining 17 barriers alleged in the Complaint (Doc. 79 at 10), the Court reviews those for clear error. Finding none, the Court adopts Judge DeSoto's findings that those 17 barriers have been remedied or no longer exist.

First, regarding the number of accessible parking stalls, Simpson objects to Judge DeSoto's finding that this barrier has been remedied. (Doc. 79 at 11.) Simpson claims that the findings in the May 2021 Report show that the stalls are not in compliance with ADA guidelines and, therefore, are not "accessible," regardless of the number of stalls CHS added during the 2020 remodel. Simpson relies on the findings of his expert, Maria Garcia, in making this assertion.

However, Garcia acknowledged at her deposition that this barrier had been remedied, when, in response to the question of whether "CHS has the correct number of *accessible* stalls" after CHS's August 2020's remodel, Garcia responded, "[Y]es. They had two." (Doc. 66-1 at 8, 41:25–42:3 (emphasis added).) Garcia's May 2021 Report does not identify any issues with the number of stalls, and when referring to any one of the new stalls on CHS's premises, she repeatedly refers to it as an "*accessible* parking stall." (*See, e.g.*, Doc. 58-3 at 2, 3 (emphasis added).) Therefore, Judge DeSoto correctly concluded that the barrier identified in Simpson's complaint has been remedied.

    Second, regarding the width clearance of the parking stalls, Simpson objects to Judge DeSoto's finding that this barrier no longer exists. (Doc. 29 at 13.) Simpson argues that the barrier in his Complaint continues to exist because the findings in Garcia's May 2021 Report identified new issues with the width clearance of the new parking stalls. However, Garcia acknowledged in her deposition that "[t]he barrier that I encountered in August [2019]"—the same barrier that Simpson would have encountered in his visit to the Cenex Zip Trip on November 7, 2019, forming the basis of the allegation in his Complaint—"*no longer existed* in May [2021]." (Doc. 66-1 at 8, 41:1–6 (emphasis added).) Therefore, Judge DeSoto correctly concluded that this barrier no longer exists.

9

Having determined the 19 allegations in Simpson's Complaint are moot, the Court now looks to alleged barriers identified for the first time in the May 2021 Report, as they relate to Simpson's objections. Simpson argues that his Complaint's reference to "other barriers" (Doc. 1 at 13) placed CMS on notice that he intended to assert standing to challenge barriers that were then-undiscovered at the time of filing the Complaint. (Doc. 79 at 13.)

To satisfy the fair notice requirements of Federal Rule of Civil Procedure 8, "a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA *in the complaint itself*; a defendant is not deemed to have fair notice of barriers identified elsewhere." *Oliver*, 654 F.3d at 909 (emphasis added). In addition, "in order for the complaint to provide fair notice to the defendant, *each such feature* must be alleged in the complaint." *Id.* at 908 (emphasis added). Because only the disclosures of barriers within the complaint itself can satisfy the fair notice requirements of Rule 8, "a disclosure made during discovery, *including in an expert report*, would rarely be an adequate substitute." *Id.* at 909 (emphasis added). This is particularly important when considering that "an expert report is typically filed later in the litigation process, after the defendant has already taken steps to investigate and defend against the claims in the complaint." *Id.*

Here, by omitting the barriers at issue from his Complaint, Simpson "did not give [CHS] fair notice that the barriers listed for the first time in the expert report were grounds for his claim of discrimination under the ADA." *Id.* at 908.  Just like the plaintiff in *Oliver*, Simpson cites *Doran* and "argues that the complaint need not give the defendant notice of every barrier for which the plaintiff seeks relief, because a disabled plaintiff who has encountered at least one barrier at a facility can sue to remove all the barriers at the facility related to his specific disability. . . . But *Doran* does not help [Simpson], because it speaks only to constitutional standing; it sheds no light on what a plaintiff's complaint must include to comply with the fair notice requirement of Rule 8." *Id.* at 909.  In other words, although Simpson may have had the standing to "challenge all barriers in that public accommodation that are related to [his] specific disability," *Doran*, 524 F.3d at 1047, Simpson failed to plead those allegations in his Complaint and failed to amend his complaint following the August 2020 remodel or the May 2021 Report. Simpson cannot assert that CHS received fair notice of these later-discovered barriers by pointing to catch-all allegations that other barriers may exist (Doc. 79 at 8 (citing Doc. 1 ¶ 20)), particularly in light of the undisputed fact that a thorough inspection purporting to identify all non-compliant features of CHS's facility took place *before* the complaint was filed (Doc. 66-1 at 20:13–23:2, 23:19–25, 25:3–10, 33:25–34:4).

Therefore, the Court "refus[es] to consider the barriers that [Simpson] identified only in his expert report." *Id.* at 909.  Simpson has failed to satisfy the third element needed to prevail on his discrimination claims under Title III as alleged in the operative Complaint because all alleged barriers have been remedied or no longer exist.  In considering the applicable legal standards applied to these facts, as well as Simpson's failure to file a statement of disputed facts, the Court concludes that Simpson's motion for summary judgment should be denied and that CHS's motion for summary judgment as to Simpson's ADA claims should be granted.

## II.     Attorney's Fees

The ADA contains a fee-shifting provision that allows a "prevailing party" to recover "a reasonable attorney's fee." 42 U.S.C. § 12205; *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018).  *See also Shayler v. 1310 PHC, LLC*, 51 F.4th 1015, 1017–18 (9th Cir. 2022) (discussing the availability of attorney's fees giving rise to abusive ADA claims by unscrupulous law firms and serial plaintiffs).

For the purposes of a motion for attorney's fees brought under the ADA, "a prevailing party does not include a party that has failed to secure a judgment on the merits or a court-ordered consent decree." *See Johnson v. Mehrabi*, 708 F. App'x 416, 417 (9th Cir. 2017) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va.*

12

*Dep't of Health & Human Res.*, 532 U.S. 598, 600, 604–05, 610 (2001)) (internal quotation marks omitted).

Here, Simpson has not prevailed on summary judgment or otherwise obtained a judgment on the merits or a court-ordered consent decree. Thus, Simpson is not a prevailing party. Therefore, the Court concludes that CHS's motion for summary judgment as to Simpson's request for attorney's fees should be granted.

**III.   Findings and Recommendations Not Objected To**

As to the remainder of Judge DeSoto's Findings and Recommendation that Simpson has not objected to, the Court reviews these for clear error. Finding none, the Court adopts them in full.

## CONCLUSION

In sum, the Court finds that all the ADA claims alleged in Simpson's Complaint are moot because the alleged barriers have either been remedied or no longer exist. To the extent the May 2021 Report identifies barriers that were not alleged in the Complaint, they are not properly considered on summary judgment. To the extent the May 2021 Report can be construed as providing additional detail concerning barriers alleged in the Complaint, CHS has demonstrated that it is entitled to summary judgment.

Accordingly, IT IS ORDERED that Plaintiff's objections (Doc. 79) are OVERRULED and Judge DeSoto's Findings and Recommendation (Doc. 78) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff's Second Motion for Summary Judgment (Doc. 57) is DENIED.

IT IS FURTHER ORDERED that Defendant's Second Motion for Summary Judgment (Doc. 71) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Expert Report (Doc. 69) is DENIED as moot.

The Clerk shall enter judgment in favor of Defendant and close this case.

DATED this 30th day of November, 2022.

_____
Dana L. Christensen, District Judge
United States District Court