IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CURT SIMPSON, | CV 19–197–M–DLC–KLD |
| Petitioner, | |
| v. | ORDER |
| CHS, INC., d/b/a CENEX ZIP TRIP, | |
| Respondents. | |

Before the Court is Defendant CHS, Inc.'s Application for Taxation of Costs (Doc. 83) and Plaintiff Curt Simpson's objection to the application (Doc. 84). CHS seeks taxation of costs in the amount of $1,575.80 for printed or electronically recorded transcripts obtained for use in the case, including a video conference and two depositions. (Doc. 83.) Mr. Simpson objects to the Court awarding costs to either party because CHS admitted that its facility was not compliant with the Americans with Disabilities Act at the time the lawsuit was filed. (Doc. 84 at 2.)

Rule 54 of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A generally applicable federal statute provides that a judge or clerk may tax as costs several categories of fees or expenses, including, as relevant here, fees

1

for printed or electronically recorded transcripts necessarily obtained for use in the case.  28 U.S.C. § 1920(2).  The ADA specifically provides that the court, in its discretion, may allow the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs[.]"  42 U.S.C. § 12205.

As enumerated by the Rule and these statutes, the Court's power to award costs is discretionary.  *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012).  If a district court refuses to award costs, it must specify reasons for doing so.  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). Appropriate reasons for denying costs include, but are not limited to: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."  *Id.* at 1247–48.

In its discretion, the Court will refuse to award costs in this matter.  First, the Court finds that the case presented issues of substantial public importance.  CHS conceded non-compliance with the ADA at the time the lawsuit was filed (*see*, *e.g.*, Doc. 41 at 2) and undertook significant remediation efforts in response to the lawsuit; as a result, CHS removed accessibility barriers at the property at issue. Thus, the filing of this lawsuit led to removal of barriers not only for Plaintiff, but also other people with disabilities in the community, which serves the purposes of

the ADA in eliminating discrimination against individuals with disabilities. 42 U.S.C. § 12101(b). The Court finds this factor to weigh heavily against awarding costs to Defendant. The Court further finds that awarding costs to Defendant would present a serious danger of chilling future ADA actions. Defendant prevailed in this action because it conceded non-compliance with the ADA in several respects and took action to remedy those issues, rendering injunctive relief unavailable; the Court finds that taxing Defendant's litigation costs against Plaintiff would functionally penalize Plaintiff for bringing concededly meritorious claims that ultimately achieved the ADA's goal of removing accessibility barriers, which could disincentivize people with disabilities from filing even meritorious lawsuits in the future. The Court has also considered whether limited financial resources or economic disparity exist in this case; precise information about the parties' financial resources is not available to the Court, and thus the Court does not rely on these factors in its decision, but the Court notes that Plaintiff testified that he has not been able to work because of his disability since he lost his leg in 1990. (Doc. 58-2 at 7–8).

Having considered all of these factors, the Court finds that the substantial public importance of the case and the potential chilling effect on future similar actions weigh against awarding costs to Defendant.

Accordingly, IT IS ORDERED that Plaintiff's objection (Doc. 84) is SUSTAINED, and Defendant's Application for Taxation of Costs (Doc. 83) is DENIED.  Defendant shall not recover costs in this case.

DATED this 29th day of December, 2022.

Dana L. Christensen, District Judge
United States District Court